

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN 11, TEXAS

GERALD C. MANN
WILLIAMSON
ATTORNEY GENERAL

Hon. F. J. Moss
County Auditor
Montague County
Montague, Texas

Dear Sir:

Opinion No. O-2046

Re: Is an order of the commissioners court allowing the county judge $20.00 per month to take care of postage and traveling expenses, to be paid out of the general fund of the county, a legal order of said commissioners court?

Your recent request for an opinion of this department on the above-stated question has been received. Your letter reads as follows:

"Our County is on the fee system and the County Judge is paid a monthly ex-officio of $175.00.

"The Commissioners' Court passed the following order: - 'That County Judge be allowed $20.00 per month to take care of postage and traveling expense.'

"Is this a legal order for payment to be made out of General Fund of County?"

Article 3899, Vernon's Annotated Civil Statutes, reads in part as follows:

"At the close of each month of his tenure of office each officer named herein who is compensated on a fee basis shall make as part of the report now required by law, an itemized and sworn statement of all the actual and necessary expenses incurred by him in the conduct of his office, such as stationery, stamps, telephone, premiums on official bonds, including the cost of surety bonds for his deputies, premium on fire, burglary, theft, robbery insurance protecting public funds, traveling expenses, and other necessary expenses... If such expenses be incurred in connection with any particular case, such statement

shall name such case. Such expense account shall
be subject to the audit of the county auditor, if
any, otherwise by the commissioners court; and if
it appears that any item of such expense was not
incurred by such officer, or such item was not a
necessary expense of office, such item shall be
by such auditor or court rejected, in which case
the collections of such item may be adjudicated in
any court of competent jurisdiction. The amount
of salaries paid to assistants and deputies shall
also be clearly shown by such officer, giving the
name, position and amount paid each; and in no
event shall any officer show any greater amount
than actually paid any such assistant or deputy.
The amount of such expenses together with the amount
of salaries paid to assistants, deputies and clerks
shall be paid out of the fees earned by such officer
. . . . . . . . . . . ."

Article 3899, supra, specifically provides that the
expenses allowed therein when incurred by an officer who is
compensated on a fee basis in the conduct of his office "shall
be paid out of the fees earned by such officer."

The commissioners court has no legal right or authority
to pass an order allowing the county judge the sum of $20.00
per month, or any other amount, to be paid out of the general
fund, for postage and traveling expenses when said officer is
compensated on a fee basis. Under Article 3899, supra, such
expenses must be paid out of the fees earned by such officer.
Therefore, your question is respectfully answered in the nega-
tive.

Trusting that the foregoing fully answers your inquiry,
we remain

Yours very truly

ATTORNEY GENERAL OF TEXAS

AW:pbp:wc

APPROVED MAR 15, 1940
s/Gerald C. Mann
ATTORNEY GENERAL OF TEXAS

By s/Ardell Williams
    Ardell Williams
        Assistant

Approved Opinion Committee By s/BWB Chairman